RECEIPT # 60676
AMOUNT $ 250
SUMMONS ISSUED Y-3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 9-2-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 SEP -2  A 11: 31

DISTRICT COURT
DISTRICT OF MASS.

MARC THOMIS, and )
CHARLES ROBERTS )
    Plaintiffs )
 )
v. )
 )
 )
BRAZIL AMAZON TRADING, INC., )
BRAZIL AMAZON RESOURCES, INC, )
BRUNILDA OBUHOSKY, individually )
    Defendants )

05cv11812 WGY

**COMPLAINT**

MAGISTRATE JUDGE Collings

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).

Venue in this District is proper under 28 U.S.C. § 1391(a)(2).

### THE PARTIES

2. The Plaintiff, Marc Thomis, is a Massachusetts resident with a principal place of residence located at 147 Russell's Path, Brewster, Massachusetts 02361.

3. The Plaintiff, Charles Roberts, is a Rhode Island resident with a principal place of residence located at 35 Houston Avenue, Newport RI 02840.

4. The Defendant, Brunilda Obuhosky, ("Defendant") is a Florida resident who upon to information and belief has a principal residence located at 337 West Citrus Street, Altamonte Springs, Florida 32714.

5. The corporation under whose name Ms. Obuhosky operates, Brazil Amazon Trading, is a Florida Corporation with a principal place of business located at the same address, 337 West Citrus Street, Altamonte Springs, Florida 32714.

6. The Defendant Brazil Amazon Resources, Inc. is upon information and belief a Florida Corporation with a principal place of business located at 337 West Citrus Street, Altamonte Springs, Florida 32714. The Defendant is the sister company of Brazil Amazon Trading.

7. The amount in controversy exclusive of interest and costs exceeds the sum of seventy-five thousand ($75,000) dollars.

## FACTS

8. On or about September 10, 2003, the Defendant, Ms. Obuhosky, entered into a written contract with Mr. Charles L. Roberts, CEO of Mercantile Trading of America, Inc., ("Mercantile Trading"), a Rhode Island Corporation, wherein Mercantile Trading agreed to supply the funds for the investment in the sale and transport of a shipment of "Soy Bean Grade 2" from Brazil to China, and in return, the Defendant agreed to pay Mercantile Trading the sum of $300,000.

9. According to the terms of an "Irrevocable Pay Order/Fee Protection Agreement" that formed part of the contract, the Defendant guaranteed to pay the contract price

"irrevocably and unconditionally, without protest or notification, prejudice, recourse or delay".

10. The contract quoted a "Seller's code BAC 0703". The promised $300,000.00 return was based on the sale of a total shipment of 800,000 metric tons of soybean, of which 300,000 metric tons, at a price of $1.00 per metric ton, comprised the basis for the investment made by Mr. Roberts and Mr. Thomis through Mercantile Trading.

11. The contract explicitly stipulated that the soy bean transaction was "due to commence" on a stipulated shipping date of October 20th, 2003.

12. The amount required to fund the investment in the purchase and shipment of the soy beans, according to the contract between Mercantile Trading and the Defendant, was $40,000.00.

13. Mr. Roberts sought out a long-time friend of his, Marc Thomis, and asked him if he would supply the $40,000 to fund the contract, and Mr. Thomis agreed to do so.

14. On or about September 15, 2003, in reliance on the Defendant's written promises, Mr. Thomis and Mr. Roberts executed a contract between Mr. Thomis and Mercantile Trading that was substantially similar to the Defendant's contract with Mercantile Trading.

15. Pursuant to the terms of the Thomis/Mercantile Trading contract, on September 17, 2003, Mr. Thomis made out a bank check, in the amount of $40,000, to Mercantile Trading of America, Inc., "for the benefit of Charles L. Roberts". As the supplier-in-fact of the $40,000 that funded the Defendant's contract with Mercantile Trading, Mr. Thomis became the third party beneficiary of that contract.

16. On September 19, 2003, Mr. Roberts sent the Defendant a bank check, made out to Daisy Obuhosky personally, and to Brazil Amazon Trading, Inc., in the amount of $40,000.00 to secure the investment.

17. The deadline for the return on the investment, per the terms of the contract between the Defendant and Mercantile Trading, was 30 to 45 days after October 20, 2003 (November 20 to December 6, 2003). December 6, 2003 passed without word from the Defendant. Mr. Roberts telephoned the Defendant several times by telephone. The Defendant failed to respond.

18. On February 11, 2004 the Defendant faxed Mr. Roberts a copy of a letter of credit, ostensibly to prove to him that the deal was still in place. However, another commodities broker was listed as the beneficiary of the letter of credit, not the Defendant.

19. The letter of credit faxed to Mr. Roberts was a mere example of a letter of credit, that bore no particular relation to the agreement between the Defendant and Mr. Roberts' company, Mercantile Trading.

20. Mr. Roberts made further telephone calls attempting to speak with the Defendant about the status of the investment. He eventually received an email from the Defendant, on February 27, 2004, assuring him that a deal still existed.

21. On March 3, 2004 the Defendant emailed Mr. Roberts and explained that he could "have the money back" but that the Defendant was moving forward with the deal to ship the soy beans to China. Mr. Roberts informed the Defendant that he wanted the money back, because too much time had passed, and he wanted to secure the funds of his friend and investor, Mr. Thomis. Mr. Roberts received no response from the Defendant.

22. Instead, on March 7, 2004 the Defendant again promised Mr. Roberts that there was still a contract, and there would be a return of $300,000 on the investment.

23. On April 13, 2004, the Defendant emailed Mr. Roberts to inform him that the deal had fallen through, and that the Defendant would return the investment funds immediately. Mr. Roberts never received the funds from the Defendant. From April to July 2004 the Defendant's communications with Mr. Roberts followed an increasingly familiar and discouraging pattern, wherein Mr. Roberts would inquire as to the whereabouts of the money, and the Defendant would make assurances, denials, and excuses for the non-repayment of the invested funds.

24. Further assurances that the $40,000 would be returned were made by emails from the Defendant to Mr. Roberts on May 19, 2004 and May 21, 2004. The money never arrived. On August 9, 2004, the Defendant assured Mr. Roberts that he could get a return on the investment from an "iron ore deal."

25. Upon information and belief, on or about June 30, 2003, the Defendant Brazil Amazon Trading, Inc., had entered into a Purchase and Sale Agreement with a California company, Metawise Group, Inc., for Brazil Amazon Trading to sell shipments of manganese ore from Brazil.

26. On February 14, 2004, Brazil Amazon Trading issued an invoice for $2,173,539.412 to Metawise Group, who then paid the invoice in full. However, Brazil Amazon Trading failed to pay for the shipping costs of the ore out of this sum. Brazil Amazon Trading represented to Metawise Group that it had used the above money to purchase rights to iron ore in Brazil. Brazil Amazon Trading misrepresented its

ownership of said iron ore to Metawise, just as it had to Charles Roberts and Marc Thomis, and no shipments were made.

27. On December 16, 2004, the Defendant emailed Mr. Roberts again, and again promised to pay back the investment money, but again failed to send the money.

28. The Defendant failed to realize a return on the investment in the soy bean shipment, the investment in the iron ore shipment, or to even return the $40,000 invested by Mr. Roberts on behalf of Mr. Thomis.

## COUNT I
### (Fraudulent Inducement)

29. The Plaintiffs hereby repeat and reallege Paragraphs 1- 28 as if fully set forth herein.

30. The statements and assurances of the Defendant Brunilda Obuhosky, as specifically outlined in this Complaint, induced the Plaintiffs Roberts and Thomis to agree to supply $40,000 to fund the Defendant's contract with Charles Roberts of Mercantile Trading.

31. The Plaintiffs considered Defendant Brunilda Obuhosky's statement that there was a shipping date to be a material inducement for supplying said funds, because the assurance by Obuhosky that there was a shipping date implied that the deal was in place and was not hypothetical.

32. The Defendant knew or should have known her statements and assurances were false when she made them.

33. The Defendant intended for her statements and assurances to induce Charles Roberts to act in reliance upon them, and the Defendant could have reasonably foreseen that Marc Thomis would likewise act in reliance upon her statements.

34. The Plaintiff Marc Thomis funded the Defendant's agreement with Mercantile Trading, and suffered damages in justifiable reliance on her statements.

35. An officer who commits or participates in the commission of a tort is personally liable for any resulting damage, whether or not the officer was acting within the scope of employment. Donsco, Inc. v. Casper Corp., 587 F.2d 602 (3d Cir. 1978).

36. The Defendant Obuhosky breached the contract with Charles Roberts' company.

37. Marc Thomis' status and rights as a third party beneficiary of the contract between the Defendant and Charles Roberts' company, Mercantile Trading, entitles him to pursue relief against the Defendant for the above outlined conduct.

WHEREFORE the Plaintiffs, Marc Thomis and Charles Roberts, demand relief as follows:

1) That the Court enter judgment in favor of the Plaintiff in an amount to be determined by the Court, plus reasonable attorney's fees and costs as allowed by law;

and

2) For such other relief as this Court deems just and proper.

## COUNT II
### (Breach of Contract)

38. The Plaintiffs hereby repeat and reallege Paragraphs 1- 37 as if fully set forth herein.

39. Mercantile Trading agreed in writing to supply the funds for the investment in the sale and transport of a shipment of "Soy Bean Grade 2" from Brazil to China, and in return, the Defendant agreed to pay Mercantile Trading the sum of $300,000.00.

40. Plaintiff Marc Thomis supplied $40,000 to fund the contract.

41. The Defendant Obuhosky breached the contract with Charles Roberts' company when she failed to ship the soy beans.

42. Plaintiff Marc Thomis was a third party beneficiary of the contract between the Defendant and Mercantile Trading.

WHEREFORE the Plaintiffs, Charles Roberts and Marc Thomis, demand relief as follows:

   a. That the Court enter judgment in favor of the Plaintiffs in an amount to be determined by the Court, plus reasonable attorney's fees and costs as allowed by law;

   and

   b. For such other relief as this Court deems just and proper.

## COUNT III
### (Conversion)

43. The Plaintiffs hereby repeat and reallege Paragraphs 1- 42 as if fully set forth herein.

44. The Defendant exercised dominion and control of the money the Plaintiff Thomis provided to fund the contract.

45. Such dominion and control seriously interfered with the Plaintiff's right to possession of the money he supplied to fund the contract.

46. Further, the Defendant's chronic delays and excuses clearly evidence an intent on the Defendant's part to deprive the Plaintiffs Thomis and Roberts of their investment.

47. But for the Defendant's conduct, the Plaintiffs would not have suffered any financial loss.

WHEREFORE the Plaintiffs, Charles Roberts and Marc Thomis, demand relief as follows:

    a. That the Court enter judgment in favor of the Plaintiffs in an amount to be determined by the Court, plus reasonable attorney's fees and costs as allowed by law;

    and

    b. For such other relief as this Court deems just and proper.

## COUNT IV
(Unjust Enrichment)

48. The Plaintiffs hereby repeats and reallege Paragraphs 1- 47 as if fully set forth herein.

49. The Plaintiffs conferred a benefit on the Defendant by contracting with the Defendant and funding the Defendant's contract with Mercantile Trading.

50. The Defendant had knowledge of the benefit conferred by the Plaintiffs, and voluntarily accepted and retained the benefit conferred by the Plaintiff without paying for it.

51. The circumstances render the Defendant's retention of the benefit inequitable unless the Defendant pays the Plaintiffs the value of the benefit.

52. The Defendant's failure to pay for this benefit has directly and proximately caused loss and damage to the Plaintiffs.

WHEREFORE the Plaintiffs, Charles Roberts and Marc Thomis, demand relief as follows:

    a. That the Court enter judgment in favor of the Plaintiffs in an amount to be determined by the Court, plus reasonable attorney's fees and costs as allowed by law;

    and

    b. For such other relief as this Court deems just and proper.

## COUNT V
(Negligence)

53. The Plaintiffs hereby repeat and reallege Paragraphs 1- 52 as if fully set forth herein.

54. The Defendant owed a duty to the Plaintiffs to exercise the care, skill, and diligence expected of a reasonable and prudent commodities broker under the same or similar circumstances.

55. The Defendant breached her duty to the Plaintiffs when she failed to successfully negotiate and consummate the purchase and shipment of the soy beans from Brazil to China, or to pay them from the shipment of iron ore.

56. She compounded her failure to pay the agreed contract price by failing and refusing to refund the Plaintiffs' money during the months that followed, despite the fact that she had been paid for the iron ore shipment.

57. But for the failure of the Defendant to successfully complete her performance of the contract, the Plaintiffs would not have suffered damages.

WHEREFORE the Plaintiffs, Charles Roberts and Marc Thomis, demand relief as follows:

   a. That the Court enter judgment in favor of the Plaintiff in an amount to be determined by the Court, plus reasonable attorney's fees and costs as allowed by law;

   and

   b. For such other relief as this Court deems just and proper.

### COUNT VI
### (M.G.L. c.93A)

58. The Plaintiffs hereby repeat and reallege Paragraphs 1- 57 as if fully set forth herein.

59. The conduct of the Defendant in this matter constitute unfair or deceptive acts or practices within the meaning of M.G. L. c. 93A.

60. The Defendant is engaged in trade or commerce.

61. The Defendant caused injury and loss to the Plaintiffs by failing to perform the contract and by failing to return the Plaintiff's funds.

62. The Plaintiffs mailed c.93A demand letters to the Defendant by Certified Mail on May 18, 2005 (Thomis) and July 13, 2005 (Roberts).

WHEREFORE the Plaintiffs, Charles Roberts and Marc Thomis, demand relief as follows:

a. That the Court enter judgment in favor of the Plaintiffs in an amount to be determined by the Court, plus reasonable attorney's fees and costs as allowed by law;

b. Treble damages as allowed by M.G. L. c. 93A;

and

c. For such other relief as this Court deems just and proper.

DATE: 8/29/05

RESPECTFULLY SUBMITTED
BY THE PLAINTIFF

RICHARD THOMAS DAVIES
BBO# 656609
BUTTERALL & GREENE, LLC
2048 WASHINGTON STREET
HANOVER, MASSACHUSETTS 02339
(781) 681-7000

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** MARC THOMIS and CHARLES ROBERTS

**DEFENDANTS** BRAZIL AMAZON TRADING, INC, and BRAZIL AMAZON RESOURCES, INC and BRUNILDA OBUHOSKY, an individual

(b) County of Residence of First Listed Plaintiff: Barnstable, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Seminole Cty, FLA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard Thomas Davies, Butterall and greene LLC
2048 Washington St
Hanover MA 02339    (781)6817000

Attorneys (If Known): unknown

05 CV 11812

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332 and 1391
Brief description of cause: Breach of contract, fraud.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000 + treble damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 8/29/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Marc Thomis v. Brazil Amazon Trading, Inc**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05-11812 WGY**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]  NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **RICHARD THOMAS DAVIES, Butterall and Greene, LLC**
ADDRESS  **2048 Washington St Hanover MA 02339**
TELEPHONE NO.  **(781) 681-7000**

(CategoryForm.wpd - 5/2/05)