UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARC THOMIS and )
CHARLES ROBERTS )
      Plaintiffs, )
)
v. )
) C.A. No.: 1:05-CV-11812-WGY
BRAZIL AMAZON TRADING, INC., )
BRAZIL AMAZON RESOURCES, INC., )
And BRUNILDA OBUHOSKY, Individually, )
      Defendants )
)

## PLAINTIFF'S MOTION TO RE-OPEN FOR FAILURE OF DEFENDANT TO ARBITRATE

The Plaintiffs, Marc Thomis and Charles Roberts, hereby move to re-open the above-captioned matter. In support thereof, the Plaintiffs believe that a brief summary of the procedural history of this matter is relevant, and state as follows:

1. The Plaintiffs filed their Complaint on September 2, 2005.

2. On October 4, 2005, the Defendant Brunilda Obuhosky, appearing pro se, responded to the Complaint by filing a Motion for Stay and to Compel Arbitration.

3. On October 12, 2005 the Plaintiff filed their Opposition, on grounds that the Defendant had violated Local Rules 8.5.2(d) (failing to state she was appearing pro se); 83.52(b) (failing to retain the services of an attorney where a corporation makes an appearance in a matter); and 7.1(a)(2) (failure to certify good faith attempt to resolve or narrow issue).

4. On October 18, 2005 the Court entered an Order denying without prejudice the Defendant's Motion.

5. On November 14, 2005, the Plaintiffs filed a Motion for Default under F.R.Civ. P. 55(a), for the Defendant's failure to file a response pursuant to F.R.Civ. P. 12(a)(4)(A) that comported with the Court's Order.

6. The Defendant did finally obtain counsel, and renewed her Motion for Arbitration on November 18, 2005. The Court allowed her motion, and administratively closed the case, to be re-opened upon motion of either party once arbitration is complete.

7. Since the Defendant had requested an enforcement of the arbitration clause in the parties' "Irrevocable Pay Order/Fee Protection Agreement" ("the Agreement") the Plaintiffs fully anticipated that the Defendant would be a willing and cooperative participant in the arbitration process.

8. Between November 18, 2005 up until the present date, despite numerous telephone conferences between counsel contemplating arbitration, and various illusory attempts to implement arbitration, no action has been taken.

9. The Agreement's arbitration clause mandates arbitration by a "panel of three arbitrators under the Rules of Reconciliation and Arbitrator's of the ICC (the International Chamber of Commerce's International Court of Arbitration). The Defendants Brazil Amazon Trading and Brazil Amazon Resources are one-person or at best two-person operations, run by Ms. Obuhosky. ICC Arbitration fees are calculated as a portion of the amount in dispute. The amount in dispute is $340,000.00 (plus costs and attorney's fees). This places the fee for arbitration by the ICC in the region of $25,000.00.

10. Defendant through counsel has advised the Plaintiffs that the arbitration fees are too high for her to engage in arbitration. The fees also place an intolerable financial burden on the Plaintiffs.

11. Additionally, the arbitration Request and Response are required to be filed in Paris, and the claims would be administered from Paris.

12. The arbitration clause, rather than facilitating an efficient resolution of the parties' dispute as is normally intended, has operated as an obstacle to the progress of this case. The Defendant has used the arbitration provision in a cynical manner to shield herself from the Plaintiff's claims.

13. The Defendant has no intention of pursuing arbitration as prescribed by the Agreement.

14. The Court's Order to administratively close this matter provided that either party could motion the Court to re-open the case, and now is an appropriate time to do so, since arbitration will never be completed.

15. The Plaintiffs have made numerous attempts to resolve the case through settlement discussions, none of which have led to any meaningful steps being taken by the Defendant to bring this matter to a close.

Wherefore, Plaintiffs respectfully request that this Honorable Court allow Plaintiff's motion to re-open this case, to require the Defendant to Answer the Plaintiffs' Complaint within ten days, and to award attorney's fees, costs, and such other relief as this court deems appropriate.

REQUEST FOR ORAL ARGUMENT

Plaintiffs Marc Thomis and Charles Roberts
By their attorney

_____
Richard Thomas Davies, Esq.
BBO # 656609
William M. Yates
Attorney at Law
P.O. Box 1196
141 Route 6A, Unit 5
Sandwich MA 02537
(508) 888 8600

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Alex Furey, Esq., Furey & Associates, LLC, 28 State Street, Suite 1100, Boston MA 02109, the attorney of record for the Defendants, by mail on ___June 28___, 2006.

_____
Richard Thomas Davies, Esq.

## RULE 7.1 CERTIFICATION

I hereby certify that counsel for both parties have conferred in an attempt in good faith to resolve or narrow the issue presented by the above motion, in accordance with Local Rule 7.1(a)(2).

Date: 6/28/06

Richard Thomas Davies, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and <br> CHARLES ROBERTS <br>    Plaintiffs, <br><br> v. <br><br> BRAZIL AMAZON TRADING, INC., <br> BRAZIL AMAZON RESOURCES, INC., <br> And BRUNILDA OBUHOSKY, Individually, <br>    Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 1:05-CV-11812-WGY <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF ATTORNEY RICHARD THOMAS DAVIES

I, Richard Thomas Davies, do hereby depose and state the following:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts;

2. I represent the Plaintiffs, Marc Thomis and Charles Roberts, in the above-captioned matter;

3. Between November 18, 2005 up until the present date, counsel for the parties have held numerous conferences regarding the arbitration of the above-captioned matter.

4. The arbitration clause contained in the Irrevocable Pay Order/Fee Protection Agreement, the parties' contract, mandates arbitration by the International Chamber of Commerce's ("ICC") International Court of Arbitration.

5. ICC Arbitration fees are calculated as a portion of the amount in dispute in any given case.

6. The amount in dispute in this matter is $340,000.00 (plus costs and attorney's fees).

7. This places the fee for arbitration by the ICC in the region of $25,000.00.

8. Defendant through counsel has advised the Plaintiffs that the arbitration fees are too high for her to engage in arbitration.

9.  The fees also place a considerable financial burden on the Plaintiffs.

10. The arbitration clause has in fact operated as an obstacle to the efficient administration of this case.

Signed under the pains and penalties of perjury this day, June 23, 2006.

_____
Richard Thomas Davies