# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARC THOMIS and <br> CHARLES ROBERTS <br><br> Plaintiffs, <br><br> v. <br><br> BRAZIL AMAZON TRADING, INC., <br> BRAZIL AMAZON RESOURCES, INC., <br> AND BRUNILDA OBUHOSKY, <br> Individually <br><br> Defendants. | Civil Action No.: <br> 1:05-CV-11812-WGY |

### ANSWER OF DEFENDANTS BRAZIL AMAZON TRADING, INC., BRAZIL AMAZON RESOURCES, INC., AND BRUNILDA OBUHOSKY

Pursuant to Fed. R. Civ. P. 8(b), Defendants Brazil Amazon Trading, Inc., Brazil Amazon Resources, Inc. and Brunilda Obuhosky ("Defendants") hereby submit their Answer to Plaintiffs Marc Thomis and Charles Roberts ("Plaintiffs") Complaint, as follows:

### JURISDICTION

1. Paragraph 1 contains a legal conclusion to which no response is necessary.

### PARTIES

2. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant Ms. Obuhosky admits that she is a resident of the state of Florida. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.    Defendant Brazil Amazon Trading, Inc. admits that its principal place of business is located at 337 West Citrus Street, Altamonte Springs, Florida 32714.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.    Defendant Brazil Amazon Resources, Inc. admits that its principal place of business is located at 337 West Citrus Street, Altamonte Springs, Florida 32714.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.    Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## FACTS

8.    Defendants admit that on or about September 10, 2003, Defendant Ms. Obuhosky entered into a written agreement with Plaintiff Charles Robert.  With respect to the terms of that agreement, Defendants state that the document speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms.

9.    In response to Paragraph 9, Defendants state that the document at issue speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms.

10.    In response to Paragraph 10, Defendants state that the document at issue speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms.

11.    In response to Paragraph 11, Defendants state that the document at issue speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms.

12.    In response to Paragraph 12, Defendants state that the document at issue speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms.

13.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant Ms. Obuhosky admits that Mr. Roberts invested $40,000 in Brazil Amazon Trading, Inc.

17. In response to Paragraph 16, Defendants state that the document at issue speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 17.

18. In response to Paragraph 18, Defendants state that the referenced document speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms.

19. In response to Paragraph 19, Defendants state that the referenced document speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms.

20. In response to Paragraph 20, Defendants state that the referenced document speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 20.

21. In response to Paragraph 21, Defendants state that the referenced document speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations asserted in Paragraph 22 of the Complaint.

23. In response to Paragraph 23, Defendants state that the referenced document speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 23.

24. In response to Paragraph 24, Defendants state that the referenced documents speaks for themselves as to content and deny any attempt by Plaintiffs to characterize their terms. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 26 of the Complaint.

27. In response to Paragraph 27, Defendants state that the referenced document speaks for itself as to content and deny any attempt by Plaintiffs to characterize its terms. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations asserted in Paragraph 28 of the Complaint.

## COUNT I

### (Fraudulent Inducement)

29. Defendants repeat and incorporate by reference their response to the allegations contained in Paragraphs 1-28 of the Complaint as if set forth fully at length herein.

30. Defendants deny the allegations asserted in Paragraph 30 of the Complaint.

31. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations asserted in Paragraph 32 of the Complaint.

33. Defendants deny the allegations asserted in Paragraph 33 of the Complaint.

34. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 contains a legal conclusion to which no response is necessary.

36. Defendants deny the allegations asserted in Paragraph 36 of the Complaint.

37. Paragraph 36 contains a legal conclusion to which no response is necessary.

## COUNT II

### (Breach of Contract)

38. Defendants repeat and incorporate by reference their response to the allegations contained in Paragraphs 1-37 of the Complaint as if set forth fully at length herein.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that Mr. Thomis invested $40,000 in Brazil Amazon Trading, Inc.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 42 of the Complaint.

## COUNT III

### (Conversion)

43. Defendants repeat and incorporate by reference their response to the allegations contained in Paragraphs 1-42 of the Complaint as if set forth fully at length herein.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

## COUNT IV

### (Unjust Enrichment)

48. Defendants repeat and incorporate by reference their response to the allegations contained in Paragraphs 1-47 of the Complaint as if set forth fully at length herein.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

## COUNT V

### (Negligence)

53. Defendants repeat and incorporate by reference their response to the allegations contained in Paragraphs 1-52 of the Complaint as if set forth fully at length herein.

54. Paragraph 54 contains a legal conclusion to which no response is necessary.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## COUNT VI

### (M.G.L. c. 93A)

58. Defendants repeat and incorporate by reference their response to the allegations contained in Paragraphs 1-58 of the Complaint as if set forth fully at length herein.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 contains a legal conclusion to which no response is necessary.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. In response to Paragraph 62, Defendants state that the referenced documents speak for themselves as to content and deny any attempt by Plaintiffs to characterize their terms.

## JURY DEMAND

Defendants hereby demand a jury to resolve the claims in dispute.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs are equitably estopped, in whole or in part, from asserting the claims advanced in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs by their conduct waived, in whole or in part, the claims advanced in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery in contract by their own breaches of any such contracts to which they were a party.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of contract fail due to a lack of consideration.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.


**BRAZIL AMAZON TRADING, INC.,**
**BRAZIL AMAZON RESOURCES, INC.**
**and BRUNILDA OBUHOSKY,**

By their attorney,


/s/ Alexander Furey
_____
Alexander Furey, BBO# 634157
**FUREY & ASSOCIATES LLC**
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone (617) 573-5114

Dated: July 12, 2006

## CERTIFICATE OF SERVICE

  I hereby certify that, on July 12, 2006, a true and accurate copy of the above document was electronically served by the Court upon the attorney of record for Plaintiffs.

                /s/ Alexander Furey

                _____
                Alexander Furey, Esq.