UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARC THOMIS and<br>CHARLES ROBERTS<br>　　　　Plaintiffs,<br><br>v.<br><br>BRAZIL AMAZON TRADING, INC.,<br>BRAZIL AMAZON RESOURCES, INC.,<br>And BRUNILDA OBUHOSKY, Individually,<br>　　　　Defendants | C.A. No.: 1:05-CV-11812-WGY |

**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)**

Plaintiffs Marc Thomis and Charles Roberts, and Defendants Brunilda Obuhosky, Brazil Amazon Trading, Inc. ("BAT"), and Brazil Amazon Resources, Inc. ("BAR"), hereby submit this Joint Statement pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference.

I. **SUMMARY OF POSITIONS**

A. **Plaintiffs Marc Thomis' and Charles Roberts' Position**

The Plaintiffs' position is that:

i)　　The Defendant Brunilda Obuhosky, operating as Brazil Amazon Trading, entered into a written contract with Plaintiff Charles Roberts, on behalf of his company Mercantile Trading of America ("Mercantile Trading") on or about September 10, 2003, wherein Charles Roberts agreed to supply the funds for investment in the sale and transport of a shipment of soy beans from Brazil to China, and in

return Brazil Amazon Trading would pay Mercantile Trading $300,000.00 as a return on said investment.

ii) Plaintiff Marc Thomis supplied the $40,000.00 to Plaintiff Roberts to fund the contract, who in turn paid said funds to Defendant Obuhosky. As such, Plaintiff Thomis became a third party beneficiary of the Brazil Amazon Trading/Mercantile Trading contract.

iii) To the best of the Plaintiffs knowledge and belief, the alleged shipment never transpired. Defendant Obuhosky breached the contract by failing to pay the Plaintiffs the agreed $300,000.00 up to and including the present time, and by failing to even reimburse Plaintiffs with the $40,000.00 they supplied. Defendant Obuhosky made numerous assurances over the ensuing months, and years, that she would either secure a substitute underlying deal, or simply return the original funds invested, but has failed to do so.

iv) As a result of Ms. Obuhosky's actions, the Plaintiffs have suffered damages in the amount of **$300,000.00** (the contract price) plus the expenses of attempting to recover the amounts invested. Ms Obuhosky's conduct, in repeatedly assuring Plaintiffs that she would at least return the money, and then failing to do so, rises to a level of rascality that permits the Plaintiff's M.G.L. c. 93A claims, as well as claims for fraud, unjust enrichment, and conversion.

**B.    Defendants Brazil Amazon Trading, Brazil Amazon Resources, and Brunilda Obuhosky's Position**

Defendants' position is as follows:

i) Brazil Amazon Trading and Brazil Amazon Resources are boutique international commodities trading firms. On or about September 10, 2003, Defendant Brunilda Obuhosky, President and CEO of Brazil Amazon Trading, entered into a written contract with Plaintiff Charles L. Roberts, CEO of

Mercantile Trading of America, Inc., whereby Mr. Roberts agreed to invest $40,000 with Brazil Amazon Trading to fund the sale and transport of a shipment of soy bean from Brazil to China.

ii)    The soy bean sale and shipment, which is the subject of the parties' agreement of September 10, 2003, never materialized.  Thereafter, over the course of the next two years, Mr. Roberts and Defendants repeatedly agreed that Mr. Roberts would reinvest the $40,000 in subsequent commodity transactions so that he could earn a return on his investment.  In addition, the parties agreed that Mr. Roberts would work closely with Defendants so that he could learn about the commodities industry and how to operate as an international commodities broker.  Over the course of the next two years, Mr. Roberts and Ms. Obuhosly worked closely on several large commodity transactions which, due to market forces, resulted in losses for all investors.  Despite knowing the risky nature of the commodities industry, Mr. Robert now claims that his investments were allegedly "guaranteed" and that he is somehow entitled to $300,000 in damages.

iii)    Defendants have not had any contact or dealings with Plaintiff Marc Thomis.

## II.    PROPOSED PRETRIAL SCHEDULE AND DISCOVERY PLAN

| December 15, 2007 | Deadline for completion of all fact discovery, including Requests for Production of Documents, Interrogatories, and fact witness depositions | March 15, 2007 | Deadline for completion of all fact discovery, including Requests for Production of Documents, Interrogatories, and fact witness depositions |
|---|---|---|---|
| January 30, 2007 | Deadline for filing dispositive motions, if any party determines that such motion is appropriate. Both parties may file a reply brief to any opposition of the other party. | April 30, 2007 | Deadline for filing dispositive motions, if any party determines that such motion is appropriate. Both parties may file a reply brief to any opposition of The other party. |

| | | | |
|---|---|---|---|
| February 30, 2007 | Local Rule 16.3 Case Management Conference and hearing on dispositive motions. | May 15, 2007 | Local Rule 16.3 Case Management Conference and hearing on dispositive motions. |

The parties request that a final pre-trial conference be set within 60 days of any decision on dispositive motions, if the case is not disposed of on summary judgment. If neither party files for summary judgment, the parties request a final pretrial conference date be set within 60 days of completion of discovery.

**III.     SETTLEMENT**

The parties have agreed to submit written settlement proposals, although the parties have been unable to settle this matter as of this date.

**IV.     CERTIFICATIONS**

Local Rule 16.1(d)(3) certifications will be filed by each of the parties under separate cover. The parties have not agreed at this time to have a trial before a Magistrate.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court approve their Proposed Pretrial Schedule and Discovery Plan, with such amendments that the Court deems just and proper.

| | |
|---|---|
| Brunilda Obuhosky<br>Brazil Amazon Trading, Inc.<br>Brazil Amazon Resources, Inc.<br>By their attorney | Marc Thomis and Charles Roberts<br>By their attorney |
| /s/ Alexander Furey<br>_____<br>Alexander Furey,<br>BBO# 634157<br>Furey & Associates LLC<br>28 State Street, Suite 1100<br>Boston MA 02110<br>(617) 573 5114 | /s/ Richard Thomas Davies<br>_____<br>Richard Thomas Davies, Esq.<br>BBO# 656609<br>William M. Yates<br>Attorney at Law<br>P.O. Box 1196<br>141 Route 6A, Unit 5<br>Sandwich MA 02537<br>(508) 888 8600 |

September 5, 2006