UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and <br> CHARLES ROBERTS <br>     Plaintiffs, <br><br> v. <br><br> BRAZIL AMAZON TRADING, INC., <br> BRAZIL AMAZON RESOURCES, INC., <br> And BRUNILDA OBUHOSKY, Individually, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 1:05-CV-11812-WGY <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S EX PARTE MOTION FOR REAL ESTATE ATTACHMENT**

The Plaintiffs, Marc Thomis and Charles Roberts, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Rule 4.1(f) of the Massachusetts Rules of Civil Procedure, hereby move this Honorable Court to approve attachment of the Defendant's real property located upon information and belief in Sao Paolo, Brazil, in order to satisfy a judgment for damages and costs that the Plaintiffs anticipate they will recover in this action. As grounds therefor, the Plaintiffs state the following:

## I.   BACKGROUND

1.   On September 10, 2003, Defendant Obuhosky, as CEO of Brazil Amazon Trading ("BAT"), a Florida corporation, entered into a written contract with Plaintiff Charles Roberts as CEO of Mercantile Trading of America ("MTA"), a Rhode Island corporation, wherein MTA agreed to pay BAT $40,000.00 to fund the sale and transport of a shipment

of soy beans from Brazil to China and in return the Defendant Obuhosky agreed to pay MTA the sum of $300,000.00.

2.      The contract expressly stated that the soy bean transaction was due to commence on October 20, 2003.

3.      Plaintiff Marc Thomis, a Massachusetts resident and life-long friend of Charles Roberts, contracted with Mr. Roberts and MTA to supply the above-referenced $40,000.00 for the Obuhosky/Roberts contract, making Mr. Thomis a third-party beneficiary of the BAT/MTA contract.

4.      The original deal for soy bean shipment failed to materialize. Defendant Obuhosky repeatedly promised and assured Plaintiff Roberts, over the course of months, then years, to either i) consummate a substitute deal, or ii) repay the $40,000.00. [See selected email correspondence attached hereto as Exhibit A].

5.       Defendant Obuhosky failed to do either of the above.

6.      In addition to the above, Obuhosky and Brazil Amazon Trading were the named Defendants in a breach of contract case in the United States District Court for the Middle District of Florida. [See Metawise Complaint, attached hereto as Exhibit B]. The case had been filed on July 14, 2005.

7.      The Plaintiff in the Florida case was Metawise Group, Inc. ("MGI"). MGI had paid BAT $2,173,539.41 for the cost of three shipments of manganese ore from Brazil to China, and had also loaned $600,000.00 to Obuhosky and BAT as payment toward a freight bill due for the third of the shipments.

8.      BAT never repaid the loan.

9. Plaintiff MGI obtained a final judgment and an execution against Obuhosky and BAT on June 5, 2006. [See Judgment and Writs of Execution attached hereto as Exhibit C].

10. The writs of execution applied to the goods, chattels, lands and tenements of Obuhosky and BAT in the Middle District of Florida. [Exhibit C].

11. Additionally, Counsel for Defendant Obuhosky filed a Motion to Withdraw for the failure of the Defendants Obuhosky and BAT to fulfill their obligation to pay for legal services. [See Paragraphs 2 and 4, Motion to Withdraw, attached hereto as Exhibit D].

12. The Plaintiffs Thomis and Roberts filed their Complaint in Massachusetts District Court on September 2, 2005.

13. On November 14, 2005, the Plaintiffs filed a Motion for Default under F.R.Civ. P. 55(a), for the Defendant's failure to file a response pursuant to F.R.Civ. P. 12(a)(4)(A) that comported with the Court's Order.

6. The Defendant finally obtained counsel, and moved for Arbitration on November 18, 2005. The Court allowed her motion, and administratively closed the case, to be re-opened upon motion of either party once arbitration was complete.

7. Since the Defendant had requested an enforcement of the arbitration clause in the parties' contract, the Plaintiffs anticipated that the Defendant would be a willing and cooperative participant in the arbitration process. Despite numerous telephone conferences between counsel contemplating arbitration, and various illusory attempts to implement arbitration, no action was taken.

8. Eventually the Defendant through her counsel advised the Plaintiffs that the arbitration fees were too high for her to engage in arbitration. The Defendant

demonstrated that she had no intention of pursuing arbitration as prescribed by the Agreement. (The fees, estimated to run to as much as $25,000.00, would also have placed a heavy financial burden on the Plaintiffs).

9. This Honorable Court allowed Plaintiffs' Motion to re-open the case on July 3, 2006.

10. Upon information and belief, the Defendant has used the proceeds supplied by Marc Thomis to purchase a condominium located in Sao Paolo, Brazil. [See Paragraph 6, Affidavit of Charles Roberts, attached hereto as Exhibit E, and Paragraph 6, Affidavit of Marc Thomis, attached hereto as Exhibit F].

11. As highlighted by the content of the exhibits attached to this motion, Defendant Obuhosky has systematically demonstrated a cynical and cavalier approach to the finances of others in the course of her business relationships, while seeking to maximize her own wealth regardless of the consequences.

12. Brazil recognizes and enforces decisions of the courts of the United States, through procedures established by the Supreme Court of Brazil, known as exequator proceedings.

13. These proceedings verify that the foreign decision has been rendered by a competent court, and is not contrary to Brazilian sovereignty and public policy.

## DISCUSSION

1. The Plaintiffs have a reasonable likelihood of success on the merits.

    a) As explained above, the dispute concerns a written contract between Brunilda Obuhosky as CEO of Brazil Amazon Trading and Charles Roberts as CEO of

Mercantile Trading of America that provided for the payment of $300,000.00 to Mercantile Trading in return for Mercantile Trading funding the sale and transport of a shipment of soy bean from Brazil to China.

      b)      Plaintiff Marc Thomis funded the above contract by paying $40,000.00 to Charles Roberts, who in turn paid said monies to Brunilda Obuhosky and Brazil Amazon Trading, making Thomis a third party beneficiary of the contract between Obuhosky and Roberts.

      b)      The original deal for soy bean failed to materialize. Defendant repeatedly promised to either i) consummate a substitute deal, or ii) repay the $40,000.00. Defendant Obuhosky failed to do either of the above. As such the Defendant Obuhosky breached the contract, and in addition, her failure to repay the monies amounted to fraud, conversion, unjust enrichment, and violation of M.G.L. c. 93A.

      c)      The Plaintiffs are likely to recover a judgment against the Defendants in the amount of $300,000.00, the contract price. In the alternative, and at the very least, the Plaintiffs are likely to recover the $40,000.00 supplied by Marc Thomis to fund the Obuhosky/Roberts contract, multiplied two to three times, plus costs and attorney's fees, pursuant to M.G.L. c. 93A, since Defendant Obuhosky's conduct in repeatedly promising to return said funds for two years then failing to do so rises to the level of rascality that allows for multiple damages under c. 93A.

2.      The Plaintiffs have no knowledge that the Defendants have any liability insurance that will be available to satisfy the claims of the Plaintiffs, and therefore believes that the Defendants have no such insurance.

3.      There is a clear danger that the Defendant Brunilda Obuhosky if notified in advance of attachment of the property will attempt to convey it or otherwise conceal or dispose of the property.

WHEREFORE, the Plaintiffs pray this Honorable Court for the following relief:

1.      An Order in favor of the Plaintiffs for an attachment of any and all real property owned by the Defendant Brunilda Obuhosky located in the state of Sao Paolo, Brazil.

2.      An order for such other and further relief for the Plaintiffs as this Honorable Court deems just and equitable.

>                             Respectfully Submitted
>                             Plaintiffs Marc Thomis and Charles Roberts
>                             By their attorney
>
>                             /s/ Richard Thomas Davies
>                             _____
>                             Richard Thomas Davies, Esq.
>                             BBO # 656609
>                             William M. Yates
>                             Attorney at Law
>                             P.O. Box 1196
>                             141 Route 6A, Unit 5
>                             Sandwich MA 02537
>                             (508) 888 8600

Dated: September 18, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and<br>CHARLES ROBERTS<br>    Plaintiffs,<br><br>v.<br><br>BRAZIL AMAZON TRADING, INC.,<br>BRAZIL AMAZON RESOURCES, INC.,<br>And BRUNILDA OBUHOSKY, Individually,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)  C.A. No.: 1:05-CV-11812-WGY<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF MANUALLY FILING**

Pursuant to an Ex Parte Motion for Attachment filed by the Plaintiffs, Marc Thomis and Charles Roberts, supporting Exhibits A, B, C, and D are filed manually with the Clerk's office due to the scanned documents rejected because of size by the ECF filing system.

    Respectfully Submitted
    Plaintiffs Marc Thomis and Charles Roberts
    By their attorney

    /s/ Richard Thomas Davies
    _____
    Richard Thomas Davies, Esq.
    BBO # 656609
    William M. Yates
    Attorney at Law
    P.O. Box 1196
    141 Route 6A, Unit 5
    Sandwich MA 02537
    (508) 888 8600

Dated: September 18, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and <br> CHARLES ROBERTS <br>       Plaintiffs, <br><br> v. <br><br> BRAZIL AMAZON TRADING, INC., <br> BRAZIL AMAZON RESOURCES, INC., <br> And BRUNILDA OBUHOSKY, Individually, <br>       Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 1:05-CV-11812-WGY <br> ) <br> ) <br> ) <br> ) <br> ) |

**AFFIDAVIT OF CHARLES ROBERTS**

I, Charles Roberts, do hereby depose and state the following:

1. I am a Plaintiff in this action.

2. In my capacity as CEO of Mercantile Trading of America ("MTA"), I contracted with Brunilda Obuhosky, CEO of Brazil Amazon Trading ("BAT"), wherein MTA agreed to pay BAT $40,000.00 to fund the sale and transport of a shipment of soy beans from Brazil to China and in return the Ms. Obuhosky agreed to pay MTA the sum of $300,000.00.

3. Thereafter I entered into a contract with Marc Thomis, wherein Mr. Thomis agreed to supply the above-referenced $40,000.00 to fund the Obuhosky/Roberts contract, which in turn would fund the above soy bean shipment.

4. The soy bean shipment did not occur. Defendant Obuhosky promised me on many occasions that she would either consummate a substitute deal, or repay the $40,000.00.

5. Ms. Obuhosky failed to do either of the above.

6.	According to Ms. Obuhosky and upon my knowledge and belief, Ms. Obuhosky used the $40,000.00 I sent to her to purchase a condominium in Sao Paolo Brazil, instead of using the money to fund our contract.

7.	I have no knowledge of any liability insurance policy which would be available to satisfy any judgment in this action, and given the facts of this case, I have no reason to believe there would be.

8.	I am certain that if the Defendant were given notice of this Motion or if this Motion were denied, the Defendant would sell or otherwise convey the property to a third party, most likely her daughter, leaving no assets to pay any judgment I may obtain in this action.

9.	I believe there is a strong likelihood of my success on the merits of this matter, and that I am likely to obtain a judgment in excess of $300,000.00, or in the alternative, at least $40,000.00 and a multiple thereof, based on M.G.L. c. 93A, as well as costs, interest, and attorney's fees.

10.	 I make this Affidavit based on my own personal knowledge, information, and belief. To the extent any statement herein is made upon information and belief, I hereby state that I believe the information to be true.


	Signed under the pains and penalties of perjury this day, September ____, 2006.


	_____
	Charles Roberts

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and <br> CHARLES ROBERTS <br>       Plaintiffs, <br><br> v. <br><br> BRAZIL AMAZON TRADING, INC., <br> BRAZIL AMAZON RESOURCES, INC., <br> And BRUNILDA OBUHOSKY, Individually, <br>       Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 1:05-CV-11812-WGY <br> ) <br> ) <br> ) <br> ) <br> ) |

**AFFIDAVIT OF MARC THOMIS**

I, Marc Thomis, do hereby depose and state the following:

1. I am a Plaintiff in this action.

2. I contracted with Charles Roberts, CEO of Mercantile Trading of America ("MTA"), wherein I agreed to pay $40,000.00 to MTA, so that MTA could then fund the sale and transport of a shipment of soy beans from Brazil to China, pursuant to MTA's contract with Brunilda Obuhosky and her company Brazil Amazon Trading.

3. The soy bean shipment did not transpire. Defendant Obuhosky promised Mr. Roberts on many occasions that she would either consummate a substitute deal, or repay the $40,000.00.

5. Ms. Obuhosky failed to do either of the above.

6. According to Brunilda Obuhosky, and upon my knowledge and belief, Ms. Obuhosky used the $40,000.00 I paid to Charles Roberts to purchase a condominium in Sao Paolo Brazil, instead of using the money to fund the soy bean contract.

7. I have no knowledge of any liability insurance policy which would be available to satisfy any judgment in this action, and given the facts of this case, I have no reason to believe there would be.

8. I am certain that if the Defendant were given notice of this Motion or if this Motion were denied, the Defendant would sell or otherwise convey the property to a third party, most likely her daughter, leaving no assets to pay any judgment I may obtain in this action.

9. I believe there is a strong likelihood of my success on the merits of this matter, and that I am likely to obtain a judgment in excess of $300,000.00, or in the alternative, at least $40,000.00 and a multiple thereof, based on M.G.L. c. 93A, as well as costs, interest, and attorney's fees.

10. I make this Affidavit based on my own personal knowledge, information, and belief. To the extent any statement herein is made upon information and belief, I hereby state that I believe the information to be true.

Signed under the pains and penalties of perjury this day, September ____, 2006.

_____
Marc Thomis