UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| MARC THOMIS and ) | |
| CHARLES ROBERTS ) | |
|       Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | C.A. No.: 1:05-CV-11812-WGY |
| BRAZIL AMAZON TRADING, INC., ) | |
| BRAZIL AMAZON RESOURCES, INC., ) | |
| And BRUNILDA OBUHOSKY, Individually, ) | |
|       Defendants ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PRE-JUDGMENT REAL ESTATE ATTACHMENT**

Defendants Brazil Amazon Trading, Inc., Brazil Amazon Resources, Inc., and Brunilda Obuhosky (collectively "Defendants") hereby oppose Plaintiffs Marc Thomis and Charles Roberts' (collectively "Plaintiffs") Motion for a Pre-judgment Real Estate Attachment ("Motion"). In support of their Opposition, Defendants hereby state as follows:

**SUMMARY OF ARGUMENT**

Plaintiffs' Motion should be denied for four reasons. First, a real estate attachment is a proceeding *in rem* whereby the property to be attached must be subject to the jurisdiction of this Court. Here, Plaintiffs seek to attach a condominium allegedly owned by Ms. Obuhosky in Sao Paolo, Brazil. Second, contrary to Plaintiffs' unsupported allegations, Ms. Obuhosky does not own any property in Sao Paolo, Brazil. Third, Plaintiffs are unable to demonstrate a likelihood of success on the merits. The facts will show that Plaintiffs willingly invested approximately $40,000 in numerous, high risk -- high reward international commodity transactions with

Defendants. Unfortunately, the investments failed to produce a profit and Plaintiffs lost the value of their investment. Finally, the damages sought by the Plaintiffs are purely speculative and have no factual basis.

## ARGUMENT

**A.     This Court Lacks *In Rem* Jurisdiction Over Property In Brazil.**

Attachment has long been recognized as an *in rem* proceeding. *Cooper v. Reynolds*, 77 U.S. 308, 319 (1870). It is axiomatic that in a proceeding *in rem*, the *res* must be located within the jurisdiction of the court issuing the process. *See,* 6 Am. Jur 2d Attachment and Garnishment § 26. Consequently, property located outside the state cannot be attached. *Cox v. Central Vermont R. Co.*, 187 Mass. 596, 609 (1905); Shapiro, Perlin & Connors, 48 Mass. Practice, *Collection Law*, §4:17 (3rd Ed. 2000) (a plaintiff may attach only real or personal property of a foreign corporation which is located in Massachusetts); *Id*. at §5:18 (property located outside Massachusetts cannot be reached by attachment or trustee process). Here, Plaintiffs seek a pre-judgment attachment on "any and all real property owned by the Defendant Brunilda Obuhosky located in the state of Sao Paolo, Brazil". Plaintiffs' Motion, at p. 6. Given the Court' lack of jurisdiction over property in Sao Paolo, Brazil, the Plaintiffs' Motion must fail.

**B.     Defendants Do Not Own Any Such Property In Sao Paolo, Brazil.**

Contrary to the assertions of the Plaintiffs, Ms. Obuhosky does <u>not</u> own a condominium, or any other property, in Sao Paolo Brazil. *See* Affidavit of Brunilda Obuhosky ("Obuhosky Aff."), at ¶ 3, attached as Exhibit 1. In their Motion, the Plaintiffs boldly assert that Ms. Obuhosky "allegedly used the proceeds supplied by Marc Thomis to purchase a condominium located in Sao Paolo, Brazil." Plaintiffs' Motion, p.4, ¶ 10. However, Plaintiffs have not

supplied the Court with any documents (*i.e.* deed, purchase and sale agreement) to support their allegations. The fact of the matter is, Ms. Obuhosky does not own any such property. Thus, Plaintiffs' Motion must be denied.

      **C.    Plaintiffs Cannot Demonstrate A Likelihood Of Success On The Merits.**

FED R. CIV. P. 64 governs the procedure for obtaining the pre-judgment remedies of attachment. In pertinent part it provides:

> all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought.

*Id*.

As such, Massachusetts law controls Plaintiffs' attempt to attach Defendants' property allegedly located in Sao Paolo, Brazil. MASS. R. CIV. P. 4.1 and 4.2 articulate Massachusetts law controlling attachments. Pursuant to that law, plaintiffs bear the burden of demonstrating, by a preponderance of the evidence, the necessary predicates for the attachment. *Aetna Casualty and Sur. Co. v. Rodco Autobody*, 138 F.R.D. 328, 323 (D. Mass. 1991). Courts in Massachusetts have long recognized that the "central question" when considering a motion for attachment--just as it is it when considering a request for a temporary restraining order--is whether plaintiffs are "likely to prevail on the merits." *Anderson Foreign Motors Corp. v. New England Toyota Distrib., Inc.*, 475 F. Supp. 973, 978 (D. Mass. 1979); *Boston Trading Group v. Carter*, 561 F.Supp 1175, 1176 (D. Mass. 1983) (Zobel, J.) (a showing of "reasonable likelihood of success on the merits" required for issuance of attachment or trustee process); *see also* MASS. R. CIV. P. 4.1(c) and 4.2(c) (no attachment unless Court finds there is a reasonable likelihood plaintiff will

3

recover judgment).

In the case at hand, the Plaintiffs will be unable to demonstrate a likelihood of success on the merits. It is undisputed that the soy bean sale and shipment, which is the subject of the parties' September 10, 2003 agreement, never materialized. *See* Plaintiffs' Motion, at p. 4, ¶4. Thereafter, the Parties agreed that they would work closely together so that Plaintiff Roberts could learn more about the commodities industry and how to operate as an international commodities broker. Obushosky Aff., ¶5. Over the course of the next two years, Roberts and Defendants jointly invested in several high-risk, high-reward commodity transactions which, due to market forces, resulted in losses for all investors, including Plaintiffs. *Id.* at ¶6. Despite knowing the risky nature of the international commodities market, Plaintiffs now claim that their investment was somehow guaranteed and, therefore, they seek to recover over $300,000 in lost profits. *Id.* at ¶7.

The evidence that Plaintiffs rely on in support of their Motion is equally unpersuasive. First, in Exhibit A, Plaintiffs offer a collection of e-mails which they claim support their position. Instead, the e-mails merely reveal that after the Parties' original soy bean transaction did not materialize, they remained in constant contact and tried to find new investment opportunities. Second, Exhibit B – the Metawise Group, Inc. ("Metawise") Complaint, has absolutely no relevance to the issues involved in the above-captioned dispute and does not shed light on the dealings of the Parties. Third, the Final Judgment obtained by Metawise (Exhibit C) against Defendants also has no bearing on the facts of this case. Fourth, a Motion to Withdraw by Defendants' Counsel (Exhibit D) in an unrelated matter likewise is not relevant to the facts at issue. Finally, Exhibits E and F, the affidavits of Plaintiffs Marc Thomis and Charles Roberts

simply rehash the allegations contained in the Plaintiffs' Complaint which the Defendants have explicitly denied in their Answer filed with the Court. In sum, Plaintiffs have failed to offer any support for the requested attachment beyond mere rumor and speculation and pleadings filed in a completely unrelated lawsuit.

      **D.**    **Plaintiffs Damages are Speculative and Baseless.**

The Plaintiffs' claim for damages is speculative, at best, and has no factual basis. Plaintiffs assert in their Motion that "they agreed to pay [Defendants] $40,000 to fund the sale and transport of a shipment of soy beans from Brazil to China and in return the Defendant Daisy Obuhosky agreed to pay [Plaintiffs] the sum of $300,000". Plaintiffs' Motion, at p. 2, ¶1. The facts prove otherwise. After the soy bean transaction failed to materialize, Plaintiffs willingly invested $40,000 in several high-risk, high-reward international commodity transactions with Defendants. Obuhosky Aff., at ¶6. The subsequent investments were not successful and Defendants lost the value of their investment. *Id.* There is no legal or equitable basis for the Plaintiffs to claim damages of $300,000. *Id*. at. ¶¶ 4 and 7.

## CONCLUSION

In sum, for the reasons stated herein, the Plaintiffs Motion should be denied. Moreover, given the frivolous nature of this Motion, costs should be awarded to the Defendants.

## REQUEST FOR HEARING

Defendants request a hearing on their Opposition to Plaintiffs' Motion for Pre-Judgment Real Estate Attachment if the Court deems such hearing necessary.

Respectfully submitted,

The Defendants,
By Their Attorney,

/s/ Alexander Furey
_____
Alexander Furey, Esq., BBO #634157
**FUREY & ASSOCIATES, LLC**
28 State Street, Suite 1100
Boston, MA  02109
(617) 573-5114

Dated:  October 2, 2006

**CERTIFICATE OF SERVICE**

      I, Alexander Furey, attorney for the Defendants in the above-captioned action, hereby certify that the above-captioned Opposition to Plaintiffs' Motion for Pre-Judgment Real Estate Attachment has been electronically served on the attorney for the Plaintiffs, on this 2nd day of October, 2006.

                                    /s/ Alexander Furey
                                  _____
                                    Alexander Furey

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARC THOMIS and<br>CHARLES ROBERTS<br><br>    Plaintiffs,<br><br>    v.<br><br>BRAZIL AMAZON TRADING, INC.,<br>BRAZIL AMAZON RESOURCES, INC.,<br>AND BRUNILDA OBUHOSKY,<br>Individually<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br>1:05-CV-11812-WGY |

### AFFIDAVIT OF DEFENDANT BRUNILDA OBUHOSKY

I, Brunilda A. Obuhosky, hereby state as follows:

1. I am the President and CEO of Defendants Brazil Amazon Trading, Inc. and Brazil Amazon Resources, Inc.

2. I submit this Affidavit in opposition to Plaintiffs' Motion for a Pre-Judgment Attachment.

3. Contrary to the assertions of the Plaintiffs, I do not own a condominium, or any other property, in Sao Paolo Brazil.

4. The soy bean sale and shipment at issue, which is the subject of the Parties' September 10, 2003 agreement, never materialized.

5. Thereafter, the Parties agreed that they would work closely together so that Plaintiff Roberts could learn more about the commodities industry and how to operate on his own as an international commodities broker.

1

6. Over the course of the next two years, Roberts and Defendants jointly invested in several high-risk, high-reward commodity transactions which, due to market forces, resulted in losses for all investors, including Plaintiffs.

7. Despite knowing the risky nature of the international commodities market, Plaintiffs allegedly claim that their investment was somehow guaranteed and, therefore, they seek to recover over $300,000 in lost profits. There is no basis for Plaintiffs' claims.

Signed under the pains and penalties of perjury on this 2nd day of October 2006.

/s/ Brunilda Obuhosky
_____
Brunilda Obuhosky