UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and<br>CHARLES ROBERTS<br>      Plaintiffs,<br><br>v.<br><br>BRAZIL AMAZON TRADING, INC.,<br>BRAZIL AMAZON RESOURCES, INC.,<br>And BRUNILDA OBUHOSKY, Individually,<br>      Defendants<br>_____ | )<br>)<br>)<br>)<br>)<br>)  C.A. No.: 1:05-CV-11812-WGY<br>)<br>)<br>)<br>)<br>) |

AFFIDAVIT OF COUNSEL

I, Richard Thomas Davies, Esq., upon my oath, depose and state as follows:

1.  I am an attorney duly licensed to practice in the state of Massachusetts, and to practice before the District Court for the District of Massachusetts.

2.  On February 1, 2007, this Honorable Court allowed Defense Counsel Alexander Furey's Motion to Withdraw. The Motion was filed primarily because the Defendant Brunilda Obuhosky had failed to pay her attorney's fees, according to the content of the Motion.

3.  The parties exchanged written discovery requests during February and March of 2007. The Plaintiffs have responded to the Defendants' discovery. The Defendants have at this time failed to respond to the Plaintiffs' Interrogatories and Requests for the Production of Documents.

4.  Since the withdrawal of attorney Furey, the Defendant Brunilda Obuhosky has given Plaintiff's counsel no notice of her intention to seek successor counsel. Defendant Obuhosky has not communicated with counsel for the Plaintiffs at any time since the withdrawal of her attorney.

Signed under the pains and penalties of perjury this 12th day of April 2007.

/s/ Richard Thomas Davies

_____

Richard Thomas Davies

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and<br>CHARLES ROBERTS<br>　　　Plaintiffs,<br><br>v.<br><br>BRAZIL AMAZON TRADING, INC.,<br>BRAZIL AMAZON RESOURCES, INC.,<br>And BRUNILDA OBUHOSKY, Individually,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)  C.A. No.: 1:05-CV-11812-WGY<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RENEWED MOTION FOR DEFAULT FOR FAILURE OF DEFENDANTS TO RETAIN SUCCESSOR COUNSEL**

The Plaintiffs, Marc Thomis and Charles Roberts, hereby move for a Default against the Defendants in the above-captioned matter. In support thereof, the Plaintiffs state as follows:

1.　The Plaintiffs filed their Complaint on September 2, 2005.

2.　On October 4, 2005, the Defendant Brunilda Obuhosky, appearing pro se, responded to the Complaint by filing a Motion for Stay and to Compel Arbitration.

3.　On October 12, 2005 the Plaintiff filed their Opposition, on grounds that the Defendant had violated Local Rule 83.5.2(d) (failing to retain the services of an attorney where a corporation makes an appearance in a matter), and 83.5.2(b) (failing to state she was appearing pro se).

4.  On October 18, 2005 the Court entered an Order denying without prejudice the Defendant's Motion.

5.  On November 14, 2005, the Plaintiffs filed a Motion for Default under F.R.Civ. P. 55(a), for the Defendant's failure to file a response pursuant to F.R.Civ. P. 12(a)(4)(A) that comported with the Court's Order.

6.  The Defendant did finally obtain counsel, on November 18, 2005.

7.  The cased was administratively closed between December 13, 2005 and June 30, 2006, ostensibly while the parties attempted to arbitrate the matter, per the terms of their written agreement, as drafted by the Defendant.

8.  The case was re-opened upon the Plaintiffs' motion on July 3, 2006, because said arbitration did not occur. The Defendant claimed that she could not afford to proceed to arbitration, despite the fact that she had requested arbitration.

9.  The Defendant, through counsel, Answered the Complaint on July 12, 2006.

10. Counsel for the parties attended the Rule 16.1 Conference on November 11, 2006.

11. On February 1, 2007, this Honorable Court allowed Defense Counsel's Motion to Withdraw. Said Motion was filed primarily because the Defendant Brunilda Obuhosky had failed to pay her attorney's fees.

12. The parties did exchange written discovery requests during February and March of 2007. The Plaintiffs have responded to the Defendants' discovery. The Defendants have not responded to the Plaintiffs' discovery.

13. The Defendant has given no notice of her intention to seek successor counsel, and has not communicated with counsel for the Plaintiffs at any time since the withdrawal of her attorney.

14.     If the matter goes to trial, it will likely be tried on the paper record and trial testimony. No depositions are contemplated at this time due to the fact that the Plaintiffs reside in Massachusetts (Plaintiff Thomis), Rhode Island (Plaintiff Roberts), and Florida (Defendant Obuhosky). The parties do not possess the financial resources to conduct depositions given the geographic distance between them.

14.     At this time, the Defendant appears to have returned to her original position of ignoring the Plaintiffs and this case. Her failure to obtain at least one attorney to represent the corporations named in the Complaint, and her failure to indicate that she is proceeding to represent herself as Defendant pro se, violate Local Rules 83.5.2(d), and 83.5.2(b).

15.     The Defendant Obuhosky also violates Local Rule 83.5.3(c) (being a person not a member of the bar of this court, she is allowed only to appear and practice before the court on her own behalf) by her recent course of conduct.

Wherefore, Plaintiffs respectfully request that this Honorable Court allow Plaintiff's renewed motion for Default against the Defendants pursuant to the above Local Rules and Fed.R.Civ. P. 55(b)(2), and to award attorney's fees, costs, and such other relief as this court deems appropriate.

        Plaintiffs Marc Thomis and Charles Roberts
        By their attorney

        /s/ Richard Thomas Davies

        _____
        Richard Thomas Davies, Esq.
        BBO # 656609
        William M. Yates
        Attorney at Law
        P.O. Box 1196
        141 Route 6A, Unit 5
        Sandwich MA 02537
        (508) 888 8600

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Defendants, electronically, and by mail on _____, 2007.

        /s/ Richard Thomas Davies

        _____
        Richard Thomas Davies, Esq.