UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC THOMIS and<br>CHARLES ROBERTS<br>    Plaintiffs,<br><br>v.<br><br>BRAZIL AMAZON TRADING, INC.,<br>BRAZIL AMAZON RESOURCES, INC.,<br>And BRUNILDA OBUHOSKY, Individually,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No.: 1:05-CV-11812-WGY<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**

The Plaintiffs, Marc Thomis and Charles Roberts, hereby apply to the Court under Fed. R.Civ.P. 55(b)(2) for Default Judgment against the Defendants in the above-captioned matter. In support thereof, the Plaintiffs state as follows:

1. On April 13, 2007, the Plaintiffs moved for Default to be entered against the Defendants.

2. On April 30, 2007, the Court granted the Plaintiffs' Motion for Default. (Plaintiff's motion was entitled "Plaintiff's Renewed Motion for Default for Failure of Defendants to Retain Successor Counsel". The demand for relief therein referenced Fed. R.Civ.P. 55(b)(2), instead of Rule 55(a). The Court granted a "Default Judgment", whereas subsequent discussion between Plaintiff's counsel and the Clerk established that the Court had granted, in effect, the entry of a Default).

3. The Defendants owe the Plaintiffs the base sum of $300,000.00. This was the agreed price of the written contract between the Plaintiff Charles Roberts (d/b/a Mercantile Trading of America ("MTA")) and the Defendants Brunilda Obuhosky/Brazil Amazon Trading, Inc., ("BAT") [See BAT/MTA Contract, attached hereto as Exhibit A], and the price of a similar contract between MTA

and Marc Thomis. Marc Thomis funded his contract with MTA with a $40,000.00 check payment, which MTA in turn used to fund its contract with Defendant Obuhosky. [See MTA/Marc Thomis Contract, attached hereto as Exhibit B, and funding checks, attached hereto as Exhibit C].

4.   The Plaintiffs' Complaint included a Count based on Massachusetts General Laws c. 93A. [See Complaint, paragraph 58]. The Plaintiffs' Complaint also included Counts for Fraud, Conversion, Breach of Contract, and Unjust Enrichment.

5.   There are three sound reasons for awarding multiple damages and attorney's fees to the Plaintiffs under c. 93A:

(i)   The facts outlined in the Plaintiffs' Complaint indicate a degree of rascality and indifference on the part of the Defendant Brunilda Obuhosky towards the trust and reliance placed in her by the Plaintiffs that rises to a willful or knowing violation of c. 93A. See, eg, Computer Systems Engineering, Inc. v. Qantel Corp., 571 F. Supp. 1365, 1376, 1377 n.1 (1983, DC Mass.); Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 627, 382 N.E. 2d 1065, 1070 (1978) ("callous and intentional violations permit recovery of multiple damages); Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 780, 489 N.E.2d 185, 197 (1986) ("[a]ctions involving fraudulent representations in knowing disregard of the truth encompass culpable, 'willful' behavior under the statute").

(ii)   A reasonable inference may be drawn that the factual allegations in the Complaint are true, based on voluminous email correspondence between Defendant Obuhosky and one of the Plaintiffs, Charles Roberts, wherein Defendant Obuhosky repeatedly assured Plaintiff Roberts that she would return the money that funded their agreement. [See Email correspondence, attached hereto as Exhibit D]. Obuhosky never repaid the money, necessitating the sending of c.93A demand

letters on May 18, 2005 and June 13, 2005 [attached hereto as Exhibit E] and the subsequent filing of this suit.

These emails support the inference that Obuhosky's conduct was at all times willful and knowing. A knowing state of mind for purposes of c.93A exists where the defendant may be practically certain that her conduct will cause an unfair or deceptive result. Computer Systems Engineering, Inc. v. Qantel Corp., 571 F. Supp. at 1374, *citing* Model Penal Code, §2.02(b).

In the alternative, Defendant Obuhosky acted recklessly (ie: she acted with reckless disregard for whether the facts she represented to Mr. Roberts were true or false), which is the equivalent of willful for purposes of c. 93A. and the award of multiple damages. Id.

(iii)    Counsel for the Defendant Obuhosky withdrew from the matter because she failed to pay her legal fees. [See Motion of Counsel for Defendants, Docket Entry 23]. Earlier, the Defendant had moved to compel arbitration [See Docket Entries 3 and 9] but then failed to arbitrate [See Plaintiffs' Motion to Re-Open Case (Docket Entry 12), granted by the Court on 7/3/06].

Taken together, the conduct indicated by the facts alleged in the Complaint, the continuing prevarication shown in the emails, and Defendant Obuhosky's posture of doing the absolute bare minimum necessary to defend, illustrate a chronically cynical approach on the part of Obuhosky towards all of the circumstances surrounding this case.

M.G.L. c. 93A provides for the automatic award of attorney's fees to a prevailing Plaintiff, regardless of whether the Plaintiff establishes a willful or knowing violation of the statute. M.G.L. c. 93A, §9(4) and §11. The Defendant did not tender a reasonable written offer of settlement at any time.

Wherefore, Plaintiffs respectfully request that this Honorable Court allow Plaintiff's Application for Default Judgment against the Defendants pursuant to Fed.R.Civ. P. 55(b)(2), and to award attorney's fees, costs, interest, and such other relief as this court deems appropriate.

        Plaintiffs Marc Thomis and Charles Roberts
        By their attorney

        /s/__Richard Thomas Davies_____
        Richard Thomas Davies, Esq.
        BBO # 656609
        William M. Yates
        Attorney at Law
        P.O. Box 1196
        141 Route 6A, Unit 5
        Sandwich MA 02537
        (508) 888 8600

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Defendants by mail on May 17, 2007.

        /s/ Richard Thomas Davies
        _____
        Richard Thomas Davies, Esq.